# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JANE DOE #1** </br> 6300 Rockside Road, Suite 204 </br> Independence, Ohio 44131 | ) CASE NO. </br> ) </br> ) </br> ) |
| **and** | ) **JUDGE** </br> ) |
| **JANE DOE #2** </br> 6300 Rockside Road, Suite 204 </br> Independence, Ohio 44131 | ) </br> ) **COMPLAINT: WITH MOTION** </br> ) **FOR LEAVE TO PROCEED** </br> ) **UNDER THE PSEUDONYMS** |
| **and** | ) **JANE DOE #1 AND #2, AND JOHN** </br> ) **DOE #1, ANNEXED HERETO** |
| **JOHN DOE #1** </br> 6300 Rockside Road, Suite 204 </br> Independence, Ohio 44131 | ) </br> ) </br> ) |
| **Plaintiffs** | ) </br> ) |
| **v** | ) </br> ) |
| **OHIO UNIVERSITY** </br> 1 Ohio University </br> Athens, Ohio 45701 | ) </br> ) </br> ) </br> ) |
| **and** | ) </br> ) |
| **M. DUANE NELLIS** </br> President </br> Ohio University </br> 1 Ohio University, Cutler Hall </br> Athens, Ohio 45701 | ) </br> ) </br> ) </br> ) </br> ) </br> ) |
| **and** | ) </br> ) |
| **OHIO UNIVERSITY BOARD OF TRUSTEES** </br> 1 Ohio University, Cutler Hall </br> Athens, Ohio 45701 | ) </br> ) </br> ) </br> ) |
| **and** | ) </br> ) |
| **DAVID SCHOLL** </br> Chair </br> Ohio University Board of Trustees </br> 1 Ohio University, Cutler Hall 108 </br> Athens, Ohio 45701 | ) </br> ) </br> ) </br> ) </br> ) </br> ) |

and                                                          )
                                                             )
**DAVE MOORE**                                               )
**Secretary**                                                )
**Ohio University Board of Trustees**                        )
**1 Ohio University, Cutler Hall**                           )
**Athens, Ohio 45701**                                       )
                                                             )
and                                                          )
                                                             )
**JIM SCHAUS**                                               )
**Athletic Director**                                        )
**Ohio University Intercollegiate Athletics**                )
**Convocation Center**                                       )
**Athens, Ohio 45701**                                       )
                                                             )
and                                                          )
                                                             )
**JOHN BOWMAN**                                              )
**Athletic Trainer**                                         )
**Ohio University Intercollegiate Athletics**                )
**Convocation Center**                                       )
**Athens, Ohio 45701**                                       )
                                                             )
and                                                          )
                                                             )
**FRANK SOLICH**                                             )
**Head Coach - Football**                                    )
**Ohio University**                                          )
**1 Ohio University, 5th Floor**                             )
**Peden Stadium Tower**                                      )
**200 Richland Avenue**                                      )
**Athens, Ohio 45701**                                       )
                                                             )
and                                                          )
                                                             )
**CHRIS RODGERS**                                            )
**Assistant Athletic Director**                              )
**Ohio University Intercollegiate Athletics**                )
**Convocation Center**                                       )
**Athens, Ohio 45701**                                       )
                                                             )
and                                                          )
                                                             )
**KERRI GRIFFIN**                                            )
**Director and Title IX Coordinator**                        )
**University Equity and Civil Rights Compliance**            )
**79 S. Court Street / Lindley Hall 006**                    )
**1 Ohio University**                                        )
**Athens, Ohio 45701-2979**                                  )
                                                             )

| | |
|---|---|
| and | ) |
| | ) |
| **KAREN PETKO** | ) |
| **Assistant Director and Deputy Title IX Coordinator** | ) |
| **University Equity and Civil Rights Compliance** | ) |
| **79 S. Court Street / Lindley Hall 006** | ) |
| **1 Ohio University** | ) |
| **Athens, Ohio 45701-2979** | ) |
| | ) |
| and | ) |
| | ) |
| **AMIR MILLER** | ) |
| **17301 E Park Drive** | ) |
| **Cleveland, Ohio 44119** | ) |
| | ) |
| and | ) |
| | ) |
| **AMIR MILLER** | ) |
| **11 North College Street** | ) |
| **Athens, Ohio 45701** | ) |
| | ) |
| **Defendants** | ) |
| | ) |

## INTRODUCTION

*This cause of action arises from the Defendants' deliberately indifferent response to Defendant Amir Miller's sexual abuse and sexual misconduct committed against Jane Doe #1, a female student, while both were students of Ohio University and on the University's premises, and subsequent sex-based harassment. Defendants' failure to promptly and appropriately investigate and respond to the sexual abuse and sexual misconduct of Defendant Amir Miller subjected Plaintiff Jane Doe #1 to further abuse, misconduct, harassment and a hostile environment, effectively denying her access to educational opportunities. This action alleges violations of Title IX and the denial of equal protection of the laws under the Fourteenth Amendment to the U.S. Constitution.*

Now come the Plaintiffs, by and through counsel, and for their Complaint state the following:

## PARTIES

1. Plaintiff, Jane Doe #1 is a 21-year-old female and at all times relevant herein an enrolled student of Defendant Ohio University. Plaintiff moves this Court for leave, by separate Motion, to proceed in this action under the pseudonym "Jane Doe #1", as she is the victim of sexual abuse, rape, physical assault, and infliction of emotional distress, as described hereafter.

Publicity of her true identity will cause further unwarranted emotional trauma to her. Plaintiff's true identity is currently known to Defendants or will be made known to them upon request to Plaintiff's counsel.

2. Plaintiff, Jane Doe #2, is the mother of Jane Doe #1. Plaintiff moves this Court for leave, by separate Motion, to proceed under the pseudonym "Jane Doe #2", as the publicity of her true identity will cause further unwarranted emotional trauma to Plaintiff, Jane Doe #1 and Jane Doe #2. Plaintiff's true identity is currently known to Defendants or will be made known to them upon request to Plaintiff's counsel.

3. Plaintiff, John Doe #1, is the father of Jane Doe #1. Plaintiff moves this Court for leave, by separate Motion, to proceed under the pseudonym "John Doe #1", as the publicity of his true identity will cause further unwarranted emotional trauma to Plaintiff, Jane Doe #1, Jane Doe #2, and John Doe #1. Plaintiff's true identity is currently known to Defendants or will be made known to them upon request to Plaintiff's counsel.

4. Defendant Ohio University was at all relevant times and continues to be a public university organized and existing under the laws of the State of Ohio. Ohio University receives, and at all relevant times received, federal financial assistance. Defendant is therefore subject to Title IX of the Educational Amendments of 1972, 20 U.S.C. §1681, *et seq*. (hereafter referred to as "Title IX").

5. Defendant M. Duane Nellis was at all times relevant the President of Ohio University, a resident of Ohio, and the officer charged with the responsibilities of, among various duties and responsibilities, handling the day-to-day operations of Ohio University and protecting the rights, safety, and welfare of its students, including but not limited to the students' rights to be free from sexually abusive behavior by fellow students, as prohibited by Title IX.

6. Defendant Ohio University Board of Trustees (hereinafter "Board of Trustees") is comprised of more than ten (10) persons, appointed by the Governor of Ohio, with the advice and consent of the Ohio Senate, who have the general obligations to protect the interests of Ohio University, and the rights, safety, and welfare of its students, including, but not limited to, the students' rights to be free from sexually abusive behavior by fellow students, as prohibited by Title IX. The Board of Trustees is being named as a Defendant in this action to the extent that it is the proper party notwithstanding, and/or is the real party in interest to defend this action against Defendant Ohio University. Furthermore, the Board of Trustees is the governing body of the University and is charged by law with the authority and duty to determine policies and to make or approve rules and regulations to promote the mission of the University. This legally imposed duty includes the authority to delegate administrative responsibilities to supervise and control the conduct of any member or segment of the University community who impedes, obstructs, or seriously threatens the mission of the University, including the rights, safety, and welfare of its students.

7. Defendant Dave Scholl is Chair and Defendant Dave Moore is Secretary of the Ohio University Board of Trustees, who together and individually represent the leadership of the Board of Trustees and who had the collective and individual obligations to protect the interests of Ohio University, and the rights, safety, and welfare of its students, including, but not limited to, the students' rights to be free from sexually abusive behavior by fellow students, as prohibited by Title IX. Defendants Scholl and Moore are being named as individual Defendants in this action as representatives of and on behalf of the Ohio University Board of Trustees, to the extent that Defendants Scholl and Moore are proper parties and are the real parties in interest to defend this action against Ohio University and in the interest of judicial economy.

8. Defendant Jim Schaus, at all times relevant herein, was and is the Athletic Director for Ohio University and is believed to be a resident of the State of Ohio. All of his acts and/or omissions occurred within the course and scope of his employment with the University.

9. Defendant John Bowman, at all times relevant herein, was and is the Athletic Trainer for Ohio University and is believed to be a resident of the State of Ohio. All of his acts and/or omissions occurred within the course and scope of his employment with the University.

10. Defendant Frank Solich, at all times relevant herein, was and is the Head Coach-Football for Ohio University and is believed to be a resident of the State of Ohio. All of his acts and/or omissions occurred within the course and scope of his employment with the University.

11. Defendant Chris Rodgers, at all times relevant herein, was and is the Assistant Athletic Director for Ohio University and is believed to be a resident of the State of Ohio. Further, based upon information and belief, was an Assistant Coach – Football. All of his acts and/or omissions occurred within the course and scope of his employment with the University in either one or both capacities.

12. Defendant Kerri Griffin (hereinafter "Title IX Coordinator"), is and was at all times relevant herein, the Title IX Coordinator for Ohio University who contributed to and/or participated in the acts, omission, failures to act, and grossly negligent conduct, as set forth below. Further, Defendant Title IX Coordinator obtained information relevant to the claims of Jane Does #1 and #2, and John Doe #1, and committed the acts, omissions, failures to act, and grossly negligent conduct stated elsewhere in this Complaint, within the course and scope of her employment with Ohio University.

13. Defendant Karen Petko (hereinafter "Title IX Assistant Coordinator"), is and was at all times relevant herein, the Assistant Title IX Coordinator for Ohio University who

contributed to and/or participated in the acts, omission, failures to act, and grossly negligent conduct, as set forth below. Further, Defendant Assistant Title IX Coordinator obtained information relevant to the claims of Jane Does #1 and #2, and John Doe #1, and committed the acts, omissions, failures to act, and grossly negligent conduct stated elsewhere in this Complaint, within the course and scope of her employment with Ohio University.

14. At all times relevant herein, Defendant Amir Miller, was a student at Ohio University and a permanent resident of Cuyahoga County, Ohio, who committed the sexual abuse, sexual misconduct, physical assaults, rape, and inflicted emotional distress against Plaintiff Jane Doe #1 while she and he were students at Ohio University.

## FACTS COMMON TO ALL CAUSES OF ACTION

15. Plaintiffs incorporate the allegations contained in paragraphs 1-14 as if fully rewritten herein.

16. Jane Doe #1 and Defendant Miller were in a two-year romantic relationship wherein Mr. Miller systematically physically, sexually, and emotionally abused Jane Doe #1. Such abuse included, but was not limited to, numerous events of serious physical abuse involving physical assaults upon Jane Doe #1, leaving evident marks of trauma on her body; and numerous events of sexual abuse, which included acts of sexual imposition and rape, many of which also included physical assault such as punching, knocking her to the ground, imprisoning, and inflicting severe emotional stress. On the occasions when Jane Doe #1 sought to terminate the abusive relationship, Defendant Miller mercilessly stalked her and threatened her friends. Due to his large physical size, Jane Doe #1's friends and acquaintances, as well Jane Doe #1, were fearful and terrorized by Defendant Miller's misconduct, and abusive actions, and physical strength.

17.     That Defendant Miller's acts as stated above continued throughout the Ohio University 2018 and 2019 school years, on school vacation breaks, and Summer breaks when both Jane Doe #1 and Defendant Miller were at their respective family residences in northeast Ohio and within this judicial district and Cuyahoga County.

18.     That in May 2019, Defendant Miller physically assaulted Jane Doe #1 while in his automobile and refused to allow her to escape said automobile, which required police intervention to secure Jane Doe #1's release.

19.     At all times relevant herein, Jane Doe #1 made numerous complaints of Defendant Miller's actions to various Defendants and to such Defendants' subordinate Ohio University employees and agents. That the sexually abusive conduct and physical assaults were the subject of various meetings among the Defendants, their employees and agents, without any action being taken.

## FIRST CAUSE OF ACTION
(Title IX, 20 U.S.C. §1681, *et seq.* – Ohio University)

20.     Plaintiffs incorporate the allegations contained in paragraphs 1-19 as if fully rewritten herein.

21.     Title IX of the Education Amendment of 1972 requires that "No person… shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…".

22.     On or about April 15, 2018, Defendant Ohio University, by and through its officers, agents, employees, and Trustees, including, but not limited to, Defendants, Board of Trustees, Nellis, Scholl, Moore, Schaus, Bowman, Solich, Rogers, Grifffin, and Petko possessed actual notice that it could be liable under Title IX for sexual abuse, rape, physical assault, false

imprisonment, stalking, and infliction of emotion distress, due to the misconduct of Defendant Amir Miller against Plaintiff Jane Doe #1.

23. On or about April 15, 2018, Defendant Ohio University, by and through its officers, agents, employees, and Trustees, including, but not limited to, Defendants, Board of Trustees, Nellis, Scholl, Moore, Schaus, Bowman, Solich, Rogers, Grifffin, and Petko possessed actual notice and knowledge of Defendant Amir Miller's sexual harassment and sexual abuse of Plaintiff Jane Doe #1, in violation of Title IX.

24. Plaintiff Jane Doe #1, during the period of 2018-2019, was subjected to discrimination in her education at Defendant Ohio University based upon her gender, in that she suffered sexual harassment, sexual abuse, rape, physical assault, stalking, and infliction of emotion distress by a fellow student, Defendant Miller, while both were students at Ohio University.

25. Defendant Ohio University, by and through its officers, agents, employees, and Trustees, as aforesaid, failed to take appropriate corrective action, thereby acting with *deliberate indifference* to the rights and safety of Plaintiff Jane Doe #1 in one or more of the following non-inclusive ways: (a) failing to report student-on-student sexual harassment and sexual abuse to appropriate authorities; (b) failing to cure or even attempt to cure obvious and known risks to this student at Ohio University; (c) chose to intentionally ignore the obvious signs of physical and sexual abuse inflicted by Defendant Miller upon Jane Doe #1.

26. The deliberate indifference, action, omissions, and failures to act described above caused Plaintiff Jane Doe #1 to suffer criminal sexual abuse by Defendant Amir Miller in 2018-2019, for which he was prosecuted and convicted in January 2020 in Athens County Common Pleas Court for menacing by stalking; a felony ORC 2903.211(A)(1).

27. Title IX requires Defendant Ohio University to provide educational opportunity on an equal basis to all students regardless of their gender.

28. The Ohio University Defendants failed to comply with Title IX in that despite prior reports and actual knowledge of the sexual misconduct and sexual abuse, Ohio University continued to allow Defendant Amir Miller access to Plaintiff Jane Doe #1 to carry out his ongoing sexual misconduct and abuse, as set out herein.

29. The Ohio University Defendants failed to comply with Title IX in that it failed to ensure that the education provided to female students would be on an equal basis compared to the education provided by Defendant Ohio University to male student athletes.

30. 20 U.S.C. §1681 affords Plaintiff Jane Doe #1 a civil cause of action for damages. 42 U.S.C. §1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 20 U.S.C. §1681.

31. As a direct and proximate result of the conduct, actions, failures to act, and inactions of the Ohio University Defendants as described herein, Plaintiff Jane Doe #1 has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, post-traumatic stress disorder, fatigue, social anxiety, anger, panic attacks, and as a result thereof she has and will continue to experience: (a) physical and mental pain and suffering; (b) emotional distress; (c) loss of a normal life; (d) medical and counseling expenses; (e) loss of school grants and scholarships; and (f) lost wages.

## **SECOND CAUSE OF ACTION**
(42 U.S.C. §1983 – Ohio University Board of Trustees)

32. Plaintiffs incorporate the allegations contained in paragraphs 1-31 as if fully rewritten herein.

33. Defendant Ohio University established, through both action and inaction, a widespread policy, practice or custom of allowing sexual harassment, and sexual abuse and misconduct to occur without corrective action.

34. Such policy, practice or custom includes, but is not limited to: (a) failing to report student-on-student sexual harassment and sexual abuse of female students to appropriate authorities; (b) failing to cure or even attempt to cure obvious and known risks to female students at Defendant Ohio University; (c) failing to communicate any precautions, directives or educational materials that might be utilized by a student to identify inappropriate conduct that occurred between any students, whether generally or specifically in relation to Defendant Amir Miller; (d) allowing Defendant Amir Miller to have unsupervised contact with Plaintiff Jane Doe #1, without conducting, documenting and concluding a competent investigation into the allegations and specific facts brought to light prior to that time; and (e) allowing Defendant Amir Miller to have access to various rooms and areas at Defendant Ohio University while having absolutely no effective plan for supervision or surveillance of Defendant Amir Miller.

35. Defendant Ohio University established such policy, practice or custom which fostered a climate facilitating sexual abuse of Plaintiff Jane Doe #1 by Defendant Amir Miller and evidenced a reckless disregard and/or a deliberate indifference to the consequence that such action or inaction may, and did, have on female students at Defendant Ohio University, including Plaintiff Jane Doe #1.

36. Defendant Ohio University Board of Trustees members and Administrators had final policymaking authority of Defendant Ohio University and exercised that granted authority in making decisions that perpetuated and/or enabled the sexual abuse of Plaintiff Jane Doe #1 by Defendant Amir Miller and caused Plaintiff's harm to occur and/or continue.

37. Plaintiff Jane Doe #1 was deprived of her constitutional liberty interest and equal protection under the Fourteenth Amendment by the Ohio University Board's creation and promotion of policies, customs, or practices that fostered a climate to flourish where female students, including Plaintiff Jane Doe #1, were left vulnerable to and actually were subject to sexual abuse by Defendant Amir Miller, a student at Defendant Ohio University.

38. Defendant Ohio University Board of Trustee's conduct was arbitrary and offensive, shocking the conscience and interfering with female students', including Plaintiff Jane Doe #1's, rights and liberties granted by the Constitution and protected by law.

39. 20 U.S.C. §1983 affords Plaintiff Jane Doe #1 a civil cause of action for damages. 42 U.S.C. §1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 20 U.S.C. §1983.

40. As a direct and proximate result of the conduct of the Ohio University Board as described herein, Plaintiff Jane Doe #1 has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, post-traumatic stress disorder, fatigue, social anxiety, anger, panic attacks, and as a result thereof she has and will continue to experience: (a) physical and mental pain and suffering; (b) emotional distress; (c) loss of a normal life; (d) medical and counseling expenses; (e) loss of school grants and scholarships; and (f) lost wages.

41. The conduct of the Ohio University Board constituted a violation of trust or confidence, showing complete indifference to or conscious disregard for the safety and well-being of Plaintiff Jane Doe #1 and other female students.

42. Justice and the public good require an award of punitive or exemplary damages in such sum which will serve to punish the Ohio University Board and to deter like conduct.

## THIRD CAUSE OF ACTION
(42 U.S.C. §1983 – Board of Trustees and Title IX Coordinators)

43. Plaintiffs incorporate the allegations contained in paragraphs 1-42 as if fully rewritten herein.

44. Prior to Plaintiff Jane Doe #1's abuse by Defendant Amir Miller, Ohio University and/or Ohio University Board of Trustees and/or Title IX Coordinators knew or reasonably should have known that Defendant Amir Miller exhibited dangerous propensities as a sexual predator and was a threat of harm to Plaintiff Jane Doe #1.

45. Ohio University and/or Ohio University Board of Trustees and/or Title IX Coordinators were uniquely aware of Defendant Amir Miller's propensity to commit acts of sexual harassment, sexual abuse or sexual misconduct against Plaintiff Jane Doe #1, making Defendant Amir Miller's future sexual misconduct and the harm that was likely to result from that future sexual misconduct reasonably foreseeable to Ohio University and/or Ohio University Board of Trustees and/or Title IX Coordinators.

46. Ohio University and/or Ohio University Board of Trustees and/or Title IX Coordinators were uniquely aware that Defendant Amir Miller had used Defendant Ohio University to perpetrate acts of sexual harassment, sexual abuse and/or misconduct against Plaintiff Jane Doe #1, to which Defendant Amir Miller had access by and through his position as a student Defendant Ohio University.

47. Ohio University and/or Ohio University Board of Trustees and/or Title IX Coordinators consciously chose to ignore complaints of sexual harassment, sexual abuse and sexual misconduct, ignored complaints, failed to respond to allegations of misconduct and acted with deliberate indifference to the rights of Plaintiff Jane Doe #1.

48. Plaintiff Jane Doe #1 was deprived of her constitutional liberty and equal protection interests under the Fourteen Amendment by Ohio University and/or Ohio University Board of Trustees and/or Title IX Coordinators' creation and promotion of policies, customs or practices that fostered a climate to flourish where female student, including Plaintiff, were left vulnerable to and actually were subject to sexual abuse and sexual harassment by Defendant Amir Miller, a student of Defendant Ohio University.

49. The conduct of Ohio University and/or Ohio University Board of Trustees and/or Title IX Coordinators was arbitrary and offensive, shocking the conscience and interfering with female students', including Plaintiff Jane Doe #1's, rights and liberties granted by the Constitution and protected by law.

50. 42 U.S.C. § 1983 affords Plaintiff Jane Doe #1 a civil cause of action for damages. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 42 U.S.C. § 1983.

51. As a direct and proximate result of the conduct of Ohio University and/or Ohio University Board of Trustees and/or Title IX Coordinators, as described herein, Plaintiff Jane Doe #1 has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, post-traumatic stress disorder, fatigue, social anxiety, anger, panic attacks and as a result thereof she has and will continue to experience: (a) physical and mental pain and suffering; (b) emotional distress; (c) loss of a normal life; and (d) medical and counseling expenses.

52. The conduct of Ohio University and/or Ohio University Board of Trustees and/or Title IX Coordinators constituted a violation of trust or confidence, showing complete

indifference to or conscious disregard for the safety and well-being of Plaintiff Jane Doe #1 and other female students.

53. Justice and the public good require an award of punitive or exemplary damages in such sum which will serve to punish Ohio University and/or Ohio University Board of Trustees and/or Title IX Coordinators and to deter like conduct.

## FOURTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress – All Defendants)

54. Plaintiffs John Doe #1 and Jane Doe #2 incorporate the allegations contained in paragraphs 1-53 as if fully rewritten herein.

55. Defendants Ohio University, Ohio University Board of Trustees, Title IX Coordinators and Defendant Amir Miller's actions were negligent.

56. Plaintiffs, John Doe #1 and Jane Doe #2, suffered serious emotional distress, which was a direct and proximate result of the negligence of the Defendants.

57. The serious emotional distress of the Plaintiffs, John Doe #1 and Jane Doe #2, was reasonably foreseeable by the Defendants at such time.

## FIFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress – Ohio University, Ohio University Board of Trustees, Title IX Coordinators, and Miller)

58. Plaintiffs incorporate the allegations contained in paragraphs 1-57 as if fully rewritten herein.

59. Defendants Ohio University, Ohio University Board of Trustees, Title IX Coordinators, and/or Defendant Amir Miller either intended to cause emotional distress, or knew or should have known that actions taken would result in serious emotional distress to Plaintiff Jane Doe #1.

60. The aforesaid conduct of Defendants Ohio University, Ohio University Board of Trustees, Title IX Coordinators, and/or Defendant Amir Miller was extreme and outrageous that went well beyond all possible bounds of decency and should be considered utterly intolerable in a civilized community.

61. As a direct and proximate result of Defendants Ohio University, Ohio University Board of Trustees, Title IX Coordinators, and/or Defendant Amir Miller's outrageous conduct, Plaintiff Jane Doe #1 has suffered serious and severe emotional distress that no reasonable person can be expected to endure.

### SIXTH CAUSE OF ACTION
(Loss of Consortium – All Defendants)

62. Plaintiffs incorporate the allegations contained in paragraphs 1-61 as if fully rewritten herein.

63. Plaintiffs Jane Doe #2 and John Doe #1 are the parents of Jane Doe #1.

64. As a direct and proximate cause of Defendants' negligent and intentional actions, Plaintiffs Jane Doe #2 and John Doe #1 have incurred extraordinary expenses in obtaining treatment and care for their child Jane Doe #1, attorney fees, and will, with reasonable certainty, continue to incur such expenses in the indefinite future.

65. Plaintiffs further state that plaintiffs have sustained financial loss as a result of the treatment of plaintiff for the emotional scars.

66. Further, said emotional problems have caused an interruption and alteration of normal family life, now and into the future.

67. As a direct and proximate cause of Defendants' action Plaintiffs suffered damages as previously set forth herein.

## SEVENTH CAUSE OF ACTION
(Civil Assault and Battery - Miller)

68. Plaintiffs incorporate the allegations contained in paragraphs 1-67 as if fully rewritten herein.

69. Defendant Amir Miller, without privilege to do so, committed assault and battery upon Plaintiff Jane Doe #1 as described above.

70. As a direct and proximate result of Defendant Amir Miller's assault and battery, Plaintiff Jane Doe #1 has suffered the damages outlined above.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly and severally in the amount greater than $25,000.00 compensatory damages, greater than $25,000.00 punitive damages, plus attorney fees, costs and any other relief this Court may deem as fair and equitable.

Date: 02/28/2020                                                          Respectfully submitted,


                                                                          /s/ Murray D. Bilfield
                                                                **MURRAY D. BILFIELD (0029074)**
                                                                **ANTHONY S. FARREN (0066698)**
                                                                Bilfield & Associates, LLC
                                                                6300 Rockside Road, Suite 204
                                                                Independence, Ohio 44131
                                                                216-696-5297 / 216-573-9725 FAX
                                                                mbilfield@bilfieldandassociates.com
                                                                sfarren@bilfieldandassociates.com
                                                                *Attorney for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JANE DOE #1, et al.** | ) | **CASE NO.** |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | **JUDGE** |
| v | ) | |
| | ) | |
| **OHIO UNIVERSITY, et al.** | ) | **PLAINTIFFS' JOINT MOTION** |
| | ) | **FOR LEAVE TO PROCEED** |
| **Defendants** | ) | **UNDER THE PSEUDONYMS** |
| | ) | **JANE DOE #1 AND #2, AND** |
| | ) | **JOHN DOE #1** |
| | ) | |

Now come the Plaintiffs in the within action, designated Jane Doe #1, Jane Doe #2, and John Doe #1, by and through their counsel of record, and move this Court for leave to proceed under those pseudonyms, for the reason that publicity and public knowledge of their true identities will cause further unwarranted emotional trauma to the Plaintiffs. Furthermore, their true identities are already well known to all Defendants, based upon what occurred, as described in the Complaint filed herein. Said Motion is also based upon the Brief annexed hereto and incorporated herein.

Respectfully submitted,

/s/ Murray D. Bilfield
**MURRAY D. BILFIELD (0029074)**
**ANTHONY S. FARREN (0066698)**
Bilfield & Associates, LLC
6300 Rockside Road, Suite 204
Independence, Ohio 44131
216-696-5297 / 216-573-9725 FAX
mbilfield@bilfieldandassociates.com
sfarren@bilfieldandassociates.com
*Attorney for Plaintiffs*

**BRIEF**

The within action involves claims concerning the sexual harassment, sexual abuse, rape, physical assault, and the infliction of emotional distress upon and against Plaintiff Jane Doe #1 while she was a student at Defendant Ohio University. The foregoing actions were inflicted upon her by Defendant Amir Miller, another Ohio University student, while they were both, and currently are, full-time students at Ohio University.

All Plaintiffs move this Court for leave to proceed under the pseudonyms Jane Doe #1, Jane Doe #2, and John Doe #1.  Any publicity concerning these allegations will cause further unwarranted trauma, injury, and damages to all three (3) Plaintiffs, similar to what they experienced during the relevant time periods. Furthermore, because of the significance of the allegations and pre-suit communications, the identities of the Plaintiffs are well known to all Defendants.

Date: 02/28/2020								Respectfully submitted,


      /s/ Murray D. Bilfield
**MURRAY D. BILFIELD (0029074)**
**ANTHONY S. FARREN (0066698)**
Bilfield & Associates, LLC
6300 Rockside Road, Suite 204
Independence, Ohio 44131
216-696-5297 / 216-573-9725 FAX
mbilfield@bilfieldandassociates.com
sfarren@bilfieldandassociates.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2020 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties can access this document through the Court's system.